UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-81034-ROSENBERG/REINHART

RON KENDALL MASONRY, INC.,

    Plaintiff,

v.

GEMINI INSURANCE COMPANY &
NEW HAMPSHIRE INSURANCE COMPANY,
CONSTRUCTION, INC.,

    Defendants/Counter-Plaintiffs/Third-Party Plaintiffs,

v.

RON KENDALL MASONRY, INC. &
BRASFIELD & GORRIE, LLC,

    Counter-Defendants/Third-Party Defendants
_____/

## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO STAY

This matter is before the Court on Third-Party Defendant Brasfield & Gorrie's ("B&G") Motion to Dismiss or, in the Alternative, Motion to Stay [DE 53]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

This case stems from a construction project in Alabama. DE 1 at 2. B&G was responsible for much of that construction project. *See id.* B&G entered into a subcontract agreement, however, with Plaintiff Ron Kendall Masonry ("Kendall Masonry") to cast stone and masonry for the project. *Id.* In August of 2015, B&G was sued in Alabama state court in connection with its allegedly faulty construction work. *Id.* Soon thereafter, B&G filed a third party complaint against its subcontractor, Kendall Masonry. *Id.* Kendall Masonry had two

insurance policies—one with Defendant Gemini Insurance and one with Defendant New Hampshire Insurance. *Id.* at 3-5.

Kendall Masonry initiated the present suit by seeking a declaratory judgment that both Gemini Insurance and New Hampshire Insurance were required to indemnify Kendall Masonry in connection with the lawsuit brought against Kendall Masonry. *Id.* In response, Gemini Insurance and New Hampshire Insurance counterclaimed, seeking their own declaratory judgment that they were not required to indemnify Kendall Masonry. *E.g.,* DE 31. The Defendants also filed a third-party complaint against B&G. After B&G appeared in this case, B&G filed the motion to stay presently before the Court. B&G argues that this case must be stayed pending a resolution in the underlying Alabama state court case. B&G's argument is persuasive for the following reasons.

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, under which the claims and counterclaims in this case are premised, provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant." *Id.* at 286-87. A district court always has discretion whether to entertain an action for a declaratory judgment. *Cas. Indem. Exch. v. High Croft Enters, Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989).

Here, factual questions underpin many of the claims before this Court. For example, New Hampshire Insurance contends that there is no duty for it to indemnify Kendall Masonry because there was no property damage in this case or, if there was property damage, that damage did not occur during the relevant insurance policy period. *See* DE 31. Additionally, the "duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). "[W]hereas the duty to defend is measured by the allegations of the underlying complaint, the duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement." *Id.* Thus, courts typically hold an insurer's duty to indemnify is not ripe until the underlying suit is resolved and either stay or dismiss an action for the same. *See, e.g.*, *Summit Contractors, Inc. v. Amerisure Mut. Ins. Co.*, No. 8:13-CV-295, 2014 WL 936734 (M.D. Fla. Mar. 10, 2014). Consistent with the authority cited above, the instant Court concludes that certain factual questions in this case—such as *when* alleged property damage occurred and *what* property was damaged—are not ripe for review.[1]

Juxtaposed to the factual questions in this case is the reality that, for the moment, discovery in the underlying Alabama case has been stayed. DE 53-1. Discovery in that case has been stayed pending remediation of the property. Thus, discovery in the underlying case is very likely to be impossible prior to trial in the instant case, which is scheduled for October of 2018. For all of these reasons, a stay in this matter is appropriate.

---

1 B&G's replies adequately demonstrate why these factual questions are intertwined and overlap with litigation in the underlying case and the Court adopts and incorporates that reasoning into this Order.

In response, Defendants rely upon *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5 (Fla. 2004) for the proposition that this Court need not await a decision in the underlying action to resolve the indemnity questions before the Court. This argument is unpersuasive for four reasons. First, *Higgins* is a case by the Florida Supreme Court considering the *Florida* Declaratory Judgment Act—not the Federal Declaratory Judgment Act. Second, the undersigned has already ruled in *Coccaro v. GEICO General Insurance Co.*, No. 9:14-CV-80461, 2015 WL 845584 (S.D. Fla. Feb. 25, 2015), that even in a diversity case the Federal Declaratory Judgment Act applies to a request for a request for declaratory relief. Third, the undersigned's decision was affirmed by the Eleventh Circuit in *Coccaro v. Geico General Insurance Co.*, 648 F. App'x 876 (11th Cir. 2016) ("Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights."). Fourth even if *Higgins* applied in the instant case, *Higgins* recognized that a stay in a declaratory judgment case is sometimes appropriate and committed the decision in connection therewith to the discretion of the trial court. *Higgins*, 894 So. 2d at 17.

The Court recognizes that perhaps some issues, such as Gemini Insurance's argument that its insurance policy is void, could be resolved without the need for discovery in the underlying Alabama case. The Court is not inclined, however, to allow only a portion of the arguments before it to proceed while a subset of the arguments must await discovery in a state court case that is stayed. Instead, the Court exercises its sound discretion in this matter to stay this case.

For the foregoing reasons, Third-Party Defendant B&G's Motion to Dismiss or, in the Alternative to Stay [DE 53] is **GRANTED** insofar as this case is **STAYED** pending a final resolution in the underlying Alabama state court case, *Enterprise City Board of Education v. Brasfield & Gorrie LLC*, 17-CV-2015-900144.00. The Clerk of the Court shall **DENY ALL PENDING MOTIONS AS MOOT** and **CLOSE THIS CASE** for administrative purposes. The parties shall immediately notify this Court of a final resolution in the underlying case.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of May, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record